# WILLKIE FARR & GALLAGHER LLP

MARTIN KLOTZ
212 728 8688
mklotz@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 20, 2010

BY TELECOPY

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/25/10

Hon. Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 920
New York, NY 10007-1312

Re: *Patricia Cohen v. Steven A. Cohen, et at.*, No. 09 Civ. 10230 (RJH)

Dear Judge Holwell:

I write on behalf of Steven Cohen, Donald Cohen, S.A.C. Capital Management, Inc., and Donald T. Cohen C.P.A., P.A. (collectively, the "Defendants"), to reply briefly to Plaintiff Patricia Cohen's letter dated May 18, 2010, opposing Defendants' request for a stay of discovery during the pendency of Defendants' motion to dismiss.

In her letter, Plaintiff acknowledges that it is permissible for the Court to stay discovery while a motion to dismiss is pending, and further acknowledges that "courts have granted a stay where the dispositive motions were based on substantial showings of merit." Plaintiff simply argues that this is not such a case because, in her view, her action is not time-barred, even though her claims arise from events from two decades ago. For the reasons set forth in Defendants' motion to dismiss papers, we strongly disagree. That issue, of course, will be decided by the Court. In the meantime, however, there can be no doubt that Defendants have filed a well-supported motion that, if granted, would dispose of the entire case. Under these circumstances, a stay of discovery is appropriate and sensible. *See, e.g., Spencer Trask Software & Information Servs. LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 386 (S.D.N.Y. 2002).

In any event, Defendants' motion to dismiss will be fully briefed by July 9, 2010. After having waited nearly twenty years to file this action, Plaintiff will not be prejudiced by a short stay of discovery pending the outcome of Defendants' motion to dismiss. By contrast, as the Supreme Court explained in *Bell Atlantic v. Twombly*, Defendants should not be required to incur the costs of discovery "when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the

Hon. Richard J. Holwell
May 20, 2010
Page 2

complaint." 550 U.S. 544, 558 (2007); *see also Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).[1]

Accordingly, for the reasons set forth above and in my letter of May 7, we respectfully request that discovery in this action be stayed pending the outcome of Defendants' motion to dismiss.[2]

Respectfully submitted,

*Martin Klotz*

Martin Klotz

Cc: Gaytri Kachroo, Esq.
BY TELECOPY

> Defendants' letter motion to stay discovery pending determination of their motion to dismiss is granted.
>
> SO ORDERED
>
> [signature]
> USDJ
> 5/24/10

---

[1] Plaintiff's reliance upon *ADL, LLC v. Tirakian*, 2007 U.S. Dist. LEXIS 48640 (E.D.N.Y. July 5, 2007), is misplaced. In that case, after conducting a preliminary review of the motion to dismiss papers, the Court denied the requested stay because it was "doubtful that defendants will succeed in dismissing *all* the claims against them." *Id.* at *4-5 (emphasis added). The Court also observed that proceeding to discovery would not pose an undue burden because defendants had "already produced discovery" in a related action, and would need to participate in discovery in any event in the *ADL* action because not all defendants had sought dismissal. *Id.* at *7-8. Here, by contrast, Defendants' motion to dismiss would dispose of the entire action against all Defendants and would eliminate the need for any discovery to take place in this action.

[2] Dr. Kachroo and I evidently have a disagreement about what was said during our pre-conference telephone conversation on April 29, 2010. My clear understanding, which I recorded in a detailed email to co-counsel prepared immediately after the conversation, is that Dr. Kachroo specifically agreed, subject to the Court's approval, both that discussion of a discovery schedule, amended pleadings, and joinder of additional parties should be deferred until after resolution of the motion to dismiss and that initial disclosures otherwise required under Rule 26(a)(1) should be similarly deferred. Dr. Kachroo appears simply to have changed her mind on this issue.

5627622.3