UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA COHEN,

              Plaintiff

  -against-

STEVEN COHEN, DONALD COHEN and
BRETT LURIE,

             Defendants

Hon. William H. Pauley III

Case No. 09 CV 10230 (WHP)

**ECF Case**

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**A.  Introduction**

    Plaintiff, Patricia Cohen, by her undersigned counsel and pursuant to Rule 201 of the Federal Rules of Evidence, hereby respectfully requests that this Court take judicial notice of the below-referenced and attached documents in support of her Opposition to Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint.

    Rule 201 permits this Court to take judicial notice of a fact that is not subject to reasonable dispute, because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, including undisputed matters of public record. *In re DDAVP Indirect Purchaser Antitrust Litig. v. Ferring Pharms. Inc.*, 903 F. Supp. 2d 198, 208-209 (S.D.N.Y. 2012) ("When deciding a motion to dismiss, the Court is entitled to consider . . . documents integral to the complaint and relied upon in it, even if not attached or incorporated by

7098958.1

1

reference . . . public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission . . . and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.") *Accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Byrd v. City of N.Y.*, No. 04-CV-1396, 2005 U.S. App. LEXIS 10820, *4 (2d Cir. June 8, 2005) ("[M]aterial that is a matter of public record may be considered in a motion to dismiss.") (citing *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may look to public records, including complaints filed in state court, in deciding a motion to dismiss")).

B.  **Request For Judicial Notice**

For purposes of adjudicating the above-referenced Motion to Dismiss, Plaintiff respectfully requests that this Court take judicial notice of recently filed U.S. Government enforcement actions for the purpose of demonstrating that the alleged predicate acts of mail fraud and/or wire fraud alleged in Plaintiff's Second Amended Complaint were and are the regular way in which Defendant, Steven Cohen, operated his business(es)—namely, SAC Capital Corp. and related entities. *See, e.g., Fresh Meadow Food Svcs., LLC v. RB 175 Corp.*, 282 Fed. Appx. 94, 99 (2d Cir. 2008) ("A fact-specific inquiry, open-ended continuity may inhere ... in the fact that the acts are part of an ongoing entity's regular course of business. And open-ended continuity 'is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business....'" (quoting *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242-243 (1989)); *Nat'l Union Fire Ins. Co. v. Archway Ins. Svcs.*, 2012 U.S. Dist. LEXIS 48735, *14 (S.D.N.Y. Mar. 23, 2012) (Pauley, J.) (to satisfy the test for "open-ended" continuity, "there must be some evidence from which it may be inferred that the predicate acts were the

regular way of operating that business") (quoting *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 184 (2d Cir. 2008)).

1. Attached hereto as Exhibit 1 is a true and correct copy of the Securities and Exchange Commission enforcement action filed against Steven Cohen on July 19, 2013. *In re Steven A. Cohen,* No. 3-15382.

2. Attached hereto as Exhibit 2 is a true and correct copy of a five-count Indictment returned by a Southern District of New York grand jury on July 23, 2013, charging SAC-related entities with committing wire fraud and securities fraud. *U.S. v. S.A.C. Capital Advisors, L.P.,* No. 13 Crim. 541.

3. Attached hereto as Exhibit 3 is a true and correct copy of a civil forfeiture action filed by the Government on July 25, 2013, seeking seizure of Steven Cohen's assets. *U.S. v. S.A.C. Capital Advisors, L.P.,* No. 13 CV 5182.

Dated: September 12, 2013

>WILENTZ, GOLDMAN & SPITZER, P.A.
>
>By     /s/Kevin P. Roddy
>90 Woodbridge Center Drive, Suite 900
>Woodbridge, NJ  07095
>Telephone:  (732) 636-8000
>
>LAW OFFICES OF JOSHUA L. DRATEL, P.C.
>Joshua A. Dratel
>2 Wall Street, 3rd Floor
>New York, NY  10005
>Telephone:  (212) 732-0707
>
>BALESTRIERE, FARIELLO & ABRAMS, LLP
>John G. Balestriere
>225 Broadway, Suite 2900
>New York, NY  10007
>Telephone:  (212) 374-5401
>
>**Attorneys for Plaintiff**

G. Robert Blakey, Professor Emeritus
Notre Dame Law School
7002 East San Miguel Avenue
Paradise Valley, AZ 85253
Telephone: (574) 514-8220

**Of Counsel**

4