UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

....................................................................... X

                                                        :
PATRICIA COHEN,                                         :
                                                        :    Hon. William H. Pauley III
                            *Plaintiff*,                :
                                                        :    No. 09 CV 10230 (WHP)
             -against-                                  :
                                                        :    **ECF Case**
STEVEN COHEN, DONALD COHEN, and                         :
BRETT LURIE,                                            :
                                                        :
                                                        :
                            *Defendants*.               :
                                                        :
....................................................................... X

## ANSWER OF DEFENDANTS STEVEN COHEN AND DONALD COHEN TO THIRD AMENDED COMPLAINT[1]

Defendants Steven Cohen and Donald Cohen (collectively, "Defendants" or individual "Steven" or "Donald"), by and through their undersigned counsel, Willkie Farr & Gallagher LLP, hereby answer the Third Amended Complaint (the "3AC") filed by Plaintiff Patricia Cohen as follows:

1.     Defendants deny the allegations contained in paragraph 1 of the 3AC, except to admit that Donald Cohen was at certain times a personal accountant for Steven and Patricia Cohen and to admit that Steven Cohen was at one time employed by Gruntal & Co. Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 about the actions or knowledge of Patricia Cohen.[2]

2.     Defendants deny the allegations contained in paragraph 2 of the 3AC, except to refer to the public record for the circumstances surrounding Brett Lurie's incarceration.

---

[1]     To the extent any headings, preamble, or pleas for relief contained in the 3AC require a response, Defendants deny the allegations therein.

[2]     Many of the facts alleged in the 3AC relate to events and circumstances that occurred nearly thirty years ago. As a result, where Defendants were unable to recall certain alleged facts given their age, Defendants have denied possessing knowledge or information sufficient to form a belief as to the truth of those allegations.

11187098.4

3.      Defendants deny the allegations contained in paragraph 3 of the 3AC, except to admit that the New York Stock Exchange issued Exchange Hearing Panel Decision 94-161, and refer to that document for its contents.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 about the actions or knowledge of Patricia Cohen.

4.      Defendants deny the allegations contained in paragraph 4 of the 3AC.

5.      The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 5 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 5 of the 3AC.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the 3AC.

7.      Defendants admit the allegation contained in paragraph 7 of the 3AC.

8.      Defendants admit the allegation contained in paragraph 8 of the 3AC.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the 3AC.

10.     The allegations contained in paragraph 10 of the 3AC purport to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to base jurisdiction in this Court on diversity grounds and otherwise deny the allegations contained in paragraph 10 of the 3AC.

11.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 11 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 11 of the 3AC.

- 2 -

11187098.4

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the 3AC, except to admit that Steven Cohen became affiliated with Gruntal & Co. in or around 1978.

13.     Defendants admit the allegation contained in paragraph 13 of the 3AC.

14.     Defendants deny the allegations contained in paragraph 14 of the 3AC, except to admit that Steven Cohen was at one time employed by Gruntal & Co.

15.     Defendants deny the allegations contained in paragraph 15 of the 3AC, except to admit that Steven and Patricia Cohen discussed the possibility of divorce in or before 1985.

16.     Defendants deny the allegations contained in paragraph 16 of the 3AC, except to admit that SAC Trading Corporation ("SAC") was incorporated in New York in or around February 1986, that Steven Cohen was the President of SAC and owned 100% of the stock, that Donald Cohen was its Treasurer, and that Brett Lurie was its Secretary.

17.     Defendants deny the allegations contained in paragraph 17 of the 3AC, except to admit that, at some point, Steven informed Patricia of the planned investment in co-op apartments.

18.     The allegations contained in paragraph 18 of the 3AC purport to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 18 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 about the actions or knowledge of Patricia Cohen.

19.     Defendants deny the allegations contained in paragraph 19 of the 3AC.

20.     Defendants deny the allegations contained in paragraph 20 of the 3AC.

21.     Defendants deny the allegations contained in paragraph 21 of the 3AC.

22.     Defendants deny the allegations contained in paragraph 22 of the 3AC, except to admit that Steven and Patricia Cohen separated in 1988, that they entered into a Separation

11187098.4

Agreement dated December 15, 1989 (the "1989 Separation Agreement") that was incorporated into a Judgment of Divorce dated March 13, 1990, and that a document entitled "Mr. & Mrs. Steven A. Cohen Statement of Financial Condition See Accountant's Compilation Report As of July 1, 1988" exists, and refer to that document for its contents.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the 3AC.

24.     Steven denies the allegations contained in paragraph 24 of the 3AC.  Donald is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the 3AC.

25.     Defendants deny the allegations contained in paragraph 25 of the 3AC.

26.     Defendants deny the allegations contained in paragraph 26 of the 3AC.

27.     Defendants deny the allegations contained in paragraph 27 of the 3AC.

28.     Defendants deny the allegations contained in paragraph 28 of the 3AC, except to admit that Steven and Patricia Cohen entered into the 1989 Separation Agreement, and refer to that document for its contents.

29.     Defendants deny the allegations contained in paragraph 29 of the 3AC.

30.     Defendants deny the allegations contained in paragraph 30 of the 3AC, except to admit that in 1991 Patricia Cohen filed an Order to Show Cause for Modification Upward of Child Support And Maintenance in the Supreme Court of the State of New York, and refer to that document for its contents.

31.     Defendants deny the allegations contained in paragraph 31 of the 3AC, except to admit that Steven signed an Affidavit in May 1991, and refer to that document for its contents.

32.     Defendants deny the allegations contained in paragraph 32 of the 3AC.

- 4 -

11187098.4

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the 3AC.

34.    Defendants deny the allegations contained in paragraph 34 of the 3AC.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the 3AC.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the 3AC, except to admit that Steven Cohen was at one time employed by Gruntal & Co.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the 3AC.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the 3AC.

39.    Defendants deny the allegations contained in paragraph 39 of the 3AC, except to admit that an action entitled *Steven Cohen and SAC Trading Corp. v. Brett Laurie and Conversion Funding Corp.*, Index No. 8981/97, exists and refer to that case file for its contents.   Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 about the actions or knowledge of Patricia Cohen.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the 3AC.

41.    Defendants deny the allegations contained in paragraph 41 of the 3AC.

42.    Defendants deny the allegations contained in paragraph 42 of the 3AC.

43.    Defendants deny the allegations contained in paragraph 43 of the 3AC.

11187098.4

44.     Defendants deny the allegations contained in paragraph 44 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 about the actions or knowledge of Patricia Cohen.

45.     Defendants deny the allegations contained in paragraph 45 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 about the actions or knowledge of Patricia Cohen.

46.     Defendants deny the allegations contained in paragraph 46 of the 3AC.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the 3AC.

48.     Defendants deny the allegations contained in paragraph 48 of the 3AC.

49.     Defendants deny the allegations contained in paragraph 49 of the 3AC.

50.     Defendants deny the allegations contained in paragraph 50 of the 3AC.

51.     Defendants deny the allegations contained in paragraph 51 of the 3AC, except refer to the public record for the circumstances surrounding General Electric's acquisition of RCA.

52.     Defendants deny the allegations contained in paragraph 52 of the 3AC.

53.     Defendants deny the allegations contained in paragraph 53 of the 3AC.

54.     Defendants deny the allegations contained in paragraph 54 of the 3AC.

55.     Defendants deny the allegations contained in paragraph 55 of the 3AC, except to admit that in 1986 Brett Lurie was the Secretary of SAC, and that he invested in certain co-op apartments in the 1980s.

56.     Defendants deny the allegations contained in paragraph 56 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 about the actions or knowledge of Brett Lurie.

57.     Defendants deny the allegations contained in paragraph 57 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 about the actions or knowledge of Brett Lurie.

58.     Defendants deny the allegations contained in paragraph 58 of the 3AC.  Defendants also state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 about the actions or knowledge of Brett Lurie.

59.     Defendants admit the allegations contained in paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the 3AC.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the 3AC.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the 3AC, except to refer to the public record for the circumstances surrounding Brett Lurie's incarceration.

63.     Defendants deny the allegations contained in paragraph 63 of the 3AC.

64.     Defendants deny the allegations contained in paragraph 64 of the 3AC, except to admit that the New York Stock Exchange issued Exchange Hearing Panel Decision 94-161, and refer to that document for its contents.

65.     Defendants deny the allegations contained in paragraph 65 of the 3AC, except to admit that the New York Stock Exchange issued Exchange Hearing Panel Decision 94-161, and refer to that document for its contents.

66.     Defendants deny the allegations contained in paragraph 66 of the 3AC, except to admit that the New York Stock Exchange issued Exchange Hearing Panel Decision 94-161, and refer to that document for its contents.

11187098.4

67.    Defendants deny the allegations contained in paragraph 67 of the 3AC.

## AS TO "COUNT I: CONSPIRACY TO VIOLATE RICO AGAINST STEVEN, DONALD AND LURIE"

1.    Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 67 of the 3AC with the same force and effect as if set forth in full herein.

68.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 68 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 68 of the 3AC.

69.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 69 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 69 of the 3AC.

70.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 70 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 70 of the 3AC.

71.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 71 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 71 of the 3AC.

72.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 72 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 72 of the 3AC.

73.    The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 73 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 73 of the 3AC.

11187098.4

74.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 74 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 74 of the 3AC.

75.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 75 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 75 of the 3AC.

76.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 76 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 76 of the 3AC.

77.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 77 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 77 of the 3AC.

78.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 78 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 78 of the 3AC.

79.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 79 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 79 of the 3AC.

80.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 80 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 80 of the 3AC.

81.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 81 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 81 of the 3AC.

11187098.4

82.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 82 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 82 of the 3AC.

83.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 83 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 83 of the 3AC.

84.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 84 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 84 of the 3AC.

85.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 85 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 85 of the 3AC.

86.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 86 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 86 of the 3AC.

87.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 87 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 87 of the 3AC.

88.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 88 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 88 of the 3AC.

89.     The Court has dismissed all of Plaintiff's claims under the RICO statute and, therefore, no response is required to the allegations in paragraph 89 of the 3AC. To the extent that

11187098.4

a response is required, Defendants deny the allegations contained in paragraph 89 of the 3AC.

Defendants further deny that Plaintiff is entitled to any relief on Count I.

## AS TO "COUNT II: COMMON LAW FRAUD AND CONSPIRACY TO COMMIT COMMON LAW FRAUD AGAINST STEVEN, DONALD AND LURIE"

90.     Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 89 of the 3AC with the same force and effect as if contained in full herein.

91.     Defendants deny the allegations contained in paragraph 91 of the 3AC.

92.     Defendants deny the allegations contained in paragraph 92 of the 3AC.

93.     Defendants deny the allegations contained in paragraph 93 of the 3AC.

94.     Defendants deny the allegations contained in paragraph 94 of the 3AC.

95.     Defendants deny the allegations contained in paragraph 95 of the 3AC.

96.     Defendants deny the allegations contained in paragraph 96 of the 3AC. Defendants further deny that Plaintiff is entitled to any relief on Count II.

## AS TO "COUNT III: CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST STEVEN, DONALD AND LURIE"

97.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 96 of the 3AC with the same force and effect as if set forth in full herein.

98.     The allegations contained in paragraph 98 of the 3AC purports to state a legal conclusion as to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 98 of the 3AC.

99.     The Court has dismissed Plaintiff's claims for breach of fiduciary duty against Donald Cohen and, therefore, no response is required to the allegations in paragraph 99 of the 3AC.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 99 of the 3AC.

11187098.4

100.    The allegations contained in paragraph 100 of the 3AC purport to state a legal conclusion as to which no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in paragraph 100 of the 3AC.

101.    Defendants deny the allegations contained in paragraph 101 of the 3AC.

102.    Defendants deny the allegations contained in paragraph 102 of the 3AC.

103.    Defendants deny the allegations contained in paragraph 103 of the 3AC.

Defendants further deny that Plaintiff is entitled to any relief on Count III.

### AS TO "COUNT IV: UNJUST ENRICHMENT AGAINST STEVEN"

104.    Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 103 of the 3AC with the same force and effect as if set forth in full herein.

105.    The Court has dismissed Plaintiff's claims for unjust enrichment and, therefore, no response is required to the allegations in paragraph 105 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 105 of the 3AC.

106.    The Court has dismissed Plaintiff's claims for unjust enrichment and, therefore, no response is required to the allegations in paragraph 106 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 106 of the 3AC.

107.    The Court has dismissed Plaintiff's claims for unjust enrichment and, therefore, no response is required to the allegations in paragraph 107 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 107 of the 3AC.

108.    The Court has dismissed Plaintiff's claims for unjust enrichment and, therefore, no response is required to the allegations in paragraph 108 of the 3AC. To the extent that a response is required, Defendants deny the allegations contained in paragraph 108 of the 3AC.

Defendants deny that Plaintiff is entitled to any of the relief requested in any section of the 3AC.

Defendants further deny that Plaintiff is entitled to any relief on Count IV.

11187098.4

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend this answer to assert any additional affirmative defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate to assert such affirmative defenses.  In asserting these defenses, Defendants do not assume the burden of proof for any issue that would otherwise rest on the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that there is not complete diversity among the parties sufficient to confer subject-matter jurisdiction to this court.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, release, and/or discharge.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff has not suffered any recoverable damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

- 13 -

11187098.4

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's damages, if any, were not the result of any act, omission or conduct of Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's alleged misconduct was not the proximate cause of Plaintiff's alleged loss.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not rely on the statements, omissions or conduct of the Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of res judicata.

11187098.4

Dated: February 10, 2014
          New York, New York

WILLKIE FARR & GALLAGHER LLP

By:

Martin Klotz
mklotz@willkie.com
Tariq Mundiya
tmundiya@willkie.com
Jeffrey B. Korn
jkorn@willkie.com

787 Seventh Avenue
New York, New York  10019
Tel: (212) 728-8000

*Attorneys for Defendants Steven Cohen and
Donald Cohen*

- 15 -