# WILLKIE FARR & GALLAGHER LLP

MARTIN KLOTZ
212 728 8688
mklotz@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:   212 728 8000
Fax:   212 728 8111

October 3, 2014

**VIA ECF**

The Honorable Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY  10007

Re:  __ Cohen v. Cohen et al., 09-CV-10230 (LAP)__

Dear Chief Judge Preska:

On behalf of Defendants Steven Cohen and Donald Cohen, we write in response to Patricia Cohen's ("Patricia") letter of yesterday.  Patricia's preview of her statute of limitations arguments establishes only one thing:  this case is ripe for summary judgment now because Patricia has known for decades—including when she was accusing Steven of fraud in 1991—about the existence of the Lurie Litigation that she herself alleges disclosed all the facts that form the basis of this lawsuit.

Patricia does not deny—contrary to her repeated representations to this Court and to the Second Circuit—that she was affirmatively told by Defendants about the Lurie Litigation by 1989 and her divorce lawyers have had in their possession since that time the Settlement Agreement and several other documents from that case.  In short, she has known about the Lurie Litigation all along and no amount of discovery can change that fact.

This is case dispositive.  All of Patricia's allegations about the alleged Lurie repayment of $5.5 million are based, exclusively, on what she believes she learned from the publicly available Lurie Litigation "court file" when she supposedly rediscovered it twenty years later in August 2008.  (3AC ¶ 39.)  She could just as easily have read that same court file in 1991—when she accused Steven of defrauding her in the divorce—as she did in 2008—when she was again investigating Steven for fraud in the divorce.  The Lurie Investment was the single largest asset on the financial statement for the couple's estate (half the total) so if there was a place to look for fraud it was there.

This is an amazing revelation because Patricia has maintained this action for five years based on her repeated assertions that she was unaware of the Lurie Litigation until August 2008.  While Patricia may note that she omitted from her current complaint any allegation that "she did not know about the *Cohen v. Lurie* litigation"—which is very troubling because it shows a deliberate choice to obscure the truth—neither she nor her lawyers ever acknowledged that she did know about the Lurie Lawsuit at the time of the divorce when this issue was briefed multiple times before Judge Holwell and the Second Circuit.  To the contrary, in her reply brief on appeal, she affirmatively misrepresented to the Second Circuit that she "did not even know Steven had sued Lurie."

The Honorable Loretta A. Preska
October 3, 2014

Had Patricia been forthcoming, the Second Circuit would not have reversed. The Second Circuit disagreed with Judge Holwell's conclusion that Patricia was on inquiry notice in 1991 when she originally accused Steven of fraud because the record did not support the conclusion that "her investigation at the time was less than reasonable" or that "further reasonable diligence would have revealed the Lurie lawsuit." (Op. at 13-14, No. 11-cv-1390, Apr. 3, 2013 (ECF No. 102).) But we now know that no investigation at all was required—Patricia and her counsel already knew about the Lurie Litigation, which disclosed all the facts on which this case is predicated, at the same time they were accusing Steven of fraud in 1991.[1]

Patricia's responses do not withstand even a moment's scrutiny. Patricia's empty rhetoric that Defendants engaged in a "sordid course of conduct" to hide the alleged Lurie repayment and "actively discouraged" her from searching cannot change the undisputed fact that Defendants affirmatively disclosed the Lurie Litigation to Patricia and her lawyers. It would make no sense for Defendants to disclose the Lurie Litigation—which had an open court file with the very filings that Patricia asserts establishes the alleged fraud—if they were trying to conceal something in those filings from her.

Even more absurd is Patricia's suggestion that Steven "doctored" the 7/1/88 financial statement in his 1991 affidavit to remove references to the Lurie Litigation. Patricia and her counsel by that time already knew about the Lurie Litigation—because Defendants told them about it—so any changes made to the 7/1/88 financial statement could not possibly have been to hide that case from her. Moreover, if Patricia plans to rely on those supposed changes to show that Steven allegedly committed fraud, that only serves to confirm that Patricia was on notice of that alleged fraud in 1991. These documents are not new; they have been in the files of Patricia's lawyers for twenty years and she could have made the exact same observation then when she was also accusing Steven of fraud in the divorce.

Accordingly, we respectfully request a conference with Your Honor to consider a proposed immediate motion for summary judgment and a stay of discovery pending the resolution of that motion. This case should never have proceeded this far and would not have but for Patricia's misrepresentations about the Lurie Litigation to this Court and the Second Circuit.[2]

Respectfully submitted,

*Martin Klotz* (LTM)

Martin Klotz

cc:     Gerald B. Lefcourt, Esq.
        Sheryl E. Reich, Esq.

---

[1] In actuality, this lawsuit is based on a complete fiction: there was never any secret repayment of $5.5 million from Brett Lurie to Steven Cohen. Patricia's claim rests on a misinterpretation of documents in the Lurie Litigation file.

[2] Patricia seems to miss the point deliberately about why this case should be stayed pending the outcome of Defendants' motion for summary judgment. Defendants are not complaining about ordinary course discovery. Rather, as stated in our October 1 letter, Patricia plans to harass and embarrass Steven with document requests and deposition questions about recent, completely irrelevant, criminal and regulatory investigations and about the performance of his business in the more than two decades since the divorce. Indeed, Patricia filed an application to compel yesterday to do exactly that, underscoring the need to put an end to this long since time barred case. We have filed a separate letter today responding to Patricia's application.