LAW OFFICES OF

# GERALD B. LEFCOURT, P.C.

A PROFESSIONAL CORPORATION

148 EAST 78TH STREET

NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

TELEPHONE
(212) 737-0400

FACSIMILE
(212) 988-6192

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

October 6, 2014

VIA ECF

The Honorable Loretta A. Preska
Chief Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Cohen v. Cohen, 09 CIV 10230 (LAP)*

Dear Judge Preska:

    We write as counsel to Patricia Cohen in brief reply to defendants' October 3, 2014, letter [Dkt. No.135] opposing the relief that will be sought in a motion to compel should the discovery we seek not be resolved at an informal conference requested by our October 1, 2014, letter [Dkt. No. 132].

    As more fully detailed in the October 1 letter, Mrs. Cohen seeks from defendants (i) evidence that will show that Brett Lurie's kickback of the $5.5 million to Steven Cohen, and the acts taken to hide the evidence thereof from Mrs. Cohen, were part of a pattern of behavior and, when understood in that context, makes it more likely than not that the kickback occurred; and (ii) evidence that provides a good faith basis for questioning Steven and Donald Cohen about prior bad acts of dishonesty which the jury can use in assessing their credibility. The first prong – that such evidence would be admissible pursuant to F.R.E. 404(b) – we addressed extensively in the prior letter. We address below briefly the use of such evidence to challenge the witnesses' credibility.

    F.R.E. 608(b) provides in pertinent part that ". . .specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . if probative of truthfulness or untruthfulness, [may be] be inquired into on cross-examination of the witness . . .concerning the witness' character for truthfulness or untruthfulness". Prior instances of "falsehood, fraud, [and] deceit . . . clearly speak to the witness's truthfulness". *United States v.*

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

Hon. Loretta A. Preska, Chief Judge<br>
United States District Court<br>
Southern District of New York<br>
October 6, 2014<br>
Page 2

*Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) (Preska, D.J.). The bad acts that are to be used to question the truthfulness of a witness must be proximate in time to the point at which the witness's credibility is at issue. *See United States v. Del Rosario*, 2012 U.S. Dist. LEXIS 86291 at *14 (S.D.N.Y. June 14, 2012) ("given the lapse of time between 1996 arrest and the 2012 trial, it is highly unlikely that this Court would allow cross-examination regarding this arrest".); *United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 568 (S.D.N.Y. 2010) (precluding cross-examination concerning petit larceny arrest which occurred twenty-one years prior on the grounds that it was "too remote in time to be probative"); *and see United States v. Schwab*, 886 F2d 509, 513-14 (2d Cir. 1989) (prosecutor acted improperly in seeking to cross-examine defendant on "charges made twenty-three and eighteen years prior to the trial").

There are at least three points in time that the credibility of Steven and Donald Cohen is relevant and on which we seek discovery. First, we expect each of Steven and Donald Cohen to appear at deposition and at trial to testify. Indeed, Steven Cohen resists no opportunity to assert his version of the facts that he wishes to be believed, including his denial of the payment found at note 1 of his other October 1, 2014 letter [Dkt. No. 134]: ". . .there was never any secret repayment of $5.5 million from Brett Lurie to Steven Cohen." Thus, current bad acts are critical to the jury's assessment. We already have a good faith basis to question Steven Cohen concerning some prior instances of dishonesty, including his recent deceit of innocent shareholders who either sold him their shares when they lacked the insider knowledge he had that the stock would likely increase in value, or on the equally innocent shareholders who bought the stock he dumped on the market ahead of the bad news only he knew – much of which is catalogued in the SEC's pending case against Steven Cohen as well as in the indictment of SAC Capital. But the jury is entitled to know the full extent of his untrustworthiness.

But so too is the credibility of each of them relevant when each was making representations to Mrs. Cohen that are now claimed to have been truthful and which we say were false: (1) at the time of the decision to make the investment and when various statements were made about the investment prior to the divorce; (2) in 1991, when with the assistance of Donald Cohen, Steven Cohen altered the 1988 financial statement, falsely swore to an affidavit describing it, and filed in Court both the false affidavit and the altered financial statement. We already know that at the same time he was making the phony investment and scheming to defraud the IRS, the SEC was investigating him for insider trading in General Electric's acquisition of RCA. But we do not know what we do not know.

Of course, the extent to which any witness may be cross-examined by use of prior bad acts is within the discretion of the trial court. At trial, this Court may well be asked to determine

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> Hon. Loretta A. Preska, Chief Judge
> United States District Court
> Southern District of New York
> October 6, 2014
> Page 3

whether one or more acts should be excluded under F.R.E. 403, or because they are cumulative, or for other relevant considerations. But that does not render them undiscoverable.

For these reasons we urge the Court either to prevail on defendants to provide the discovery now or permit Mrs. Cohen to move to compel the discovery.

> Respectfully submitted,
>
> /s/
>
> Gerald B. Lefcourt